Battle, J.
 

 We have no doubt of the correctness of the judgment given by his Honor in the Court below. The defendants’ hands were, by the provisions of the 104th chapter of the Revised Statutes, bound to work on the public road, to which they were exempted by the 95th chapter of the act of 1818, by which the Commissioners of the town of Plymouth were incorporated. There is no section or clause of that act, by which they are expressly exempted, and the only question is, whether they are so by a necessary implication. The tax imposed upon the citizens of the town, for the purpose of keeping in repair the streets, which it was made the duty of the Commissioners to lay off, certainly did not exonerate them from paying what are called county taxes — taxes to be applied, under the direction of law, for
 
 *135
 
 the common weal of the country. Now, the performance of labor in working on the public road, is but a tax upon the inhabitants of th'e county, to be paid in personal service instead of money. We can see, then, no more reason why the defendants should, because of their residence, in a town, be exempted from that, than from any oilier kind of tax, imposed and levied for the benefit of the county at large. Nor can the defendants complain of this, for, as a recompense for this additional burden, they have conferred upon them all the advantages of their location in a town, to which many valuable privileges and immunities are secured by charter. But they cannot claim aá a privilege or immunity what is not expressly, or by a necessary implication granted, and among those withheld in this case, is that of exemption from working on the public roads of the county.
 

 The judgment is affirmed.